# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **TOMAS CISNEROS,** | : | **MOTION TO VACATE** |
| BOP Reg. # 60334-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | 1:09-CR-514-TWT-1 |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
|     Respondent. | : | 1:12-CV-1937-TWT-AJB |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant, Tomas Cisneros, confined at the Federal Correctional Institution in Sandstone, Minnesota, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in criminal action number 1:09-cr-514-TWT-1. [Doc. 32.][1] Respondent has filed a response in opposition, [Doc. 34], and Movant has filed a reply, [Doc. 39]. For the reasons discussed below, the undersigned **RECOMMENDS** that the motion to vacate, set aside, or correct sentence be **DENIED**.

## I.   Background

Movant was one of twenty-three defendants indicted in the Northern District of Georgia on September 10, 2008 on multiple counts of drug trafficking and money

---

[1]   Citations to the record in this final report and recommendation refer to case number 1:09-cr-514-TWT-1.

AO 72A
(Rev.8/82)

laundering.  [*See* Doc. 34 at 2.]  Movant was charged with the following offenses: (1) conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) & (vii), & 846; (2) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); (3) distribution of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(ii); and (4) laundering $550,000 in drug proceeds, in violation of 18 U.S.C. §§ 2 & 1956(a)(1)(B)(1).  [*Id.*]

On November 20, 2009, Movant decided to plead guilty to the first two offenses, and the government agreed to dismiss the remaining charges.  [*Id.* at 2-3.]  At sentencing on August 17, 2010, the Court determined that Movant's Guidelines range was 210 to 262 months imprisonment.  [*Id.* at 7-8.]  The Court sentenced Movant to the low end of that range, imposing a total term of imprisonment of 210 months.  [Doc. 10 at 2.]  Movant timely appealed, and the Eleventh Circuit affirmed on May 5, 2011.  [*See* Docs. 11, 29.]  Movant delivered his § 2255 motion to prison authorities for mailing on May 25, 2012.  [Doc. 32 at 12.]  Respondent does not dispute that the § 2255 motion was timely filed pursuant to 28 U.S.C. § 2255(f).  [Doc. 34 at 4.]

## II.   28 U.S.C. § 2255 Standard

A motion to vacate, set aside, or correct a sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a).  "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam).  Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge" unless the movant "overcome[s] this procedural default by showing both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black*

*v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004).[2] Despite the procedural default rule, "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)). However, the Court need not conduct an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). As the undersigned will explain

---

[2] "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [his] own conduct." *Lynn*, 365 F.3d at 1235. To demonstrate actual prejudice, a movant must show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). As an alternative to showing cause and actual prejudice, a § 2255 movant may overcome a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234-35 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)) (internal quotation marks omitted). "Actual innocence means factual innocence, not mere legal innocence." *Id.* at 1235 n.18 (internal quotation marks omitted).

AO 72A
(Rev.8/82)

below, an evidentiary hearing is not needed because the § 2255 motion and record in this case conclusively show that Movant is entitled to no relief.

### III.   Discussion

Movant asserts that his trial counsel provided ineffective assistance. In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

"[C]ounsel owes a lesser duty to a client who pleads guilty than to one who

5

decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between [pleading guilty] and going to trial." *Searcy v. Fla. Dep't of Corr.*, 485 Fed. Appx. 992, 997 (11th Cir. Aug. 9, 2012) (per curiam) (quoting *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984)) (internal quotation marks omitted). A defendant who has pleaded guilty must satisfy the second prong of *Strickland* by showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Movant's specific grounds of ineffective assistance are that his trial counsel (1) failed to move to dismiss the indictment due to a speedy trial violation; (2) should have consulted him regarding the presentence investigation report and submitted further information and objections; (3) should have sought a downward departure in light of his citizenship status; and (4) failed to advise him properly regarding his guilty plea and sentence, as well as the deportation consequence of pleading guilty.

### A. <u>Speedy Trial</u>

First, Movant contends that his counsel should have moved to dismiss the indictment because Movant's right to a speedy trial was violated. "The Speedy Trial

6

Act requires that a federal criminal defendant be tried within 70 days of the filing of an indictment against him or his arraignment, whichever is later. 18 U.S.C. § 3161(c)(1). The statute excludes from the 70-day calculation certain periods of delay, including the 'delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.' *Id.* § 3161(h)(1)(D)." *Bramlett v. United States*, 405 Fed. Appx. 363, 366 (11th Cir. Dec. 13, 2010) (per curiam).

"In addition, the Act provides for the exclusion of '[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.' [18 U.S.C.] § 3161(h)(7). '[I]n a multi-defendant case, time excluded due to one defendant results in excludable days for his codefendants.' *United States v. Mejia*, 82 F.3d 1032, 1035 (11th Cir. 1996)." *United States v. Doe*, 216 Fed. Appx. 874, 877-78 (11th Cir. Feb. 6, 2007) (per curiam). "If a case involves multiple defendants, the 70-day period begins to run after the last codefendant is indicted or arraigned." *Chambliss v. United States*, 384 Fed. Appx. 897, 898 (11th Cir. June 23, 2010) (per curiam).

Movant claims that more than one year elapsed between his indictment and guilty plea, but the Court excluded only twenty-eight days from the speedy trial period.

7

[Doc. 32 at 3.] The record shows that Movant was originally charged with twenty-two other codefendants and was arraigned on September 16, 2008; after the last codefendant was arraigned on November 13, 2008, the 70-day speedy trial period was set to begin. *See* Minute Entry Nos. 79 & 216, *United States v. Rodriguez-Alejandro*, No. 1:08-cr-363-TWT (N.D. Ga. Sept. 16 & Nov. 13, 2008). The Court excluded fourteen additional days during November 2008. *See* Order Nos. 206, 220, & 229, *United States v. Rodriguez-Alejandro*, No. 1:08-cr-363-TWT (N.D. Ga. Oct. 30 & Nov. 14 & 19, 2008). Thereafter, on December 21, 2008, one of the codefendants filed a motion to suppress, and the Court ruled on that motion on October 19, 2009, thus excluding some ten months from the speedy trial period. *See* Order, *United States v. Rodriguez-Alejandro*, No. 1:08-cr-363-TWT (N.D. Ga. Oct. 19, 2009). The Court excluded the period between September 17, 2009 and the trial date of January 19, 2010 pursuant to 18 U.S.C. § 3161(h)(7)(A). *See* Order, *United States v. Rodriguez-Alejandro*, No. 1:08-cr-363-TWT (N.D. Ga. Sept. 17, 2009). Prior to that trial date, Movant decided to plead guilty on November 20, 2009. [Doc. 34 at 2-3.]

As the foregoing review of the record indicates, Movant's right to a speedy trial was not violated because no more than twenty-three unexcluded days in November and December 2008 elapsed between the last codefendant's arraignment and Movant's

8

guilty plea. It follows that Movant has not shown that his counsel was deficient for failing to move to dismiss the indictment on the ground of a speedy trial violation. "A lawyer cannot be deficient for failing to raise a meritless claim." *Frederick v. Dep't of Corr.*, 438 Fed. Appx. 801, 803 (11th Cir. Aug. 17, 2011) (per curiam).

### B.    Presentence Investigation Report

Next, Movant argues that his counsel was ineffective with regard to the presentence investigation report. Movant states that counsel failed to show him the report and ask if he wanted to object to it. [Doc. 32 at 5.] In opposing Movant's argument, Respondent points out that Movant did not disagree with counsel's statement to the Court at sentencing that both Movant and counsel had reviewed the report. [Doc. 34 at 14-15.] Movant's claim that he did not review the report is belied by his failure to dispute counsel's contrary statement to the Court. "Bare, conclusory allegations of ineffective assistance of counsel which contradict the existing record and are unsupported by affidavits or other indicia of reliability, are insufficient to require a hearing or further consideration." *Liberal v. United States*, Nos. 10-23669-Civ-Seitz & 09-20733-Cr-Seitz, 2011 WL 4055404, at *5 (S.D. Fla. June 7, 2011). Accordingly, Movant has not shown that his counsel's performance was deficient with respect to providing Movant an opportunity to review and object to the presentence investigation

9

report.

Movant contends that his counsel should have objected to (1) a two-level Sentencing Guidelines enhancement for use of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1); and (2) the use of wiretap evidence against him. [Doc. 32 at 5-6.] Respondent states that (1) there was no basis on which to object to the firearm enhancement because Movant had admitted the relevant conduct in his guilty plea; and (2) a challenge to wiretap evidence must be made before trial and not at sentencing, pursuant to Fed. R. Crim. P. 12(b)(3)(C). [Doc. 34 at 15-16.] The undersigned agrees with Respondent that Movant's desired objections lack merit for those reasons. Therefore, Movant's counsel was not deficient for failure to submit those objections. *See Frederick*, 438 Fed. Appx. at 803.

Movant also states that his counsel failed to "present as [many] positive things to the probation department for consideration" as possible and "promote his client in the best possible light." [Doc. 32 at 6.] Respondent points out that counsel at sentencing presented testimony by Movant's daughter as to his good character. [Doc. 34 at 15.] In reply, Movant states that he "had letters of support from other family members and friends which were never tendered to the Court by counsel," and counsel did not allow other family members "to speak on [Movant's] behalf . . . due to

10

their poor English skills." [Doc. 39 at 4.] Even accepting Movant's allegations that letters and other testimony could have been presented, and assuming that his counsel was deficient for not presenting them, Movant has not shown prejudice. It is not reasonably probable that, but for counsel's assumed deficiency in this regard, Movant would not have pleaded guilty and would have insisted on going to trial. *See United States v. Glenn*, Crim. No. 08-20064-01-KHV, 2011 WL 663179, at *2 (D. Kan. Feb. 14, 2011) (defendant did "not allege that if she had known that counsel would fail to come forward with positive information at sentencing, she would have insisted on going to trial").

### C. Downward Departure

Movant's next claim is that his counsel should have argued for a lower sentence because Movant is not a U.S. citizen and therefore ineligible for certain programs offered by the Federal Bureau of Prisons to reduce sentences. [Doc. 32 at 7-8.] "[A] sentencing court may not apply a downward departure to shield aliens from detrimental collateral consequences stemming from [their] status as an alien." *United States v. Saac*, 632 F.3d 1203, 1215 (11th Cir. 2011) (citing *United States v. Maung*, 320 F.3d 1305, 1308-10 (11th Cir. 2003)). Accordingly, the argument that Movant claims his counsel should have made is meritless, and counsel could not have been

11

deficient for failing to make it. *See Frederick*, 438 Fed. Appx. at 803.

### D. <u>Guilty Plea</u>

Movant's last claim is that his counsel's ineffective assistance caused him to plead guilty involuntarily. Movant argues that his counsel was ineffective in (1) advising him to plead guilty and informing him of the possible sentence and (2) failing to warn him that he would be deported after serving his sentence.

#### 1. <u>Decision to Plead Guilty and Possible Sentence</u>

Movant states that his counsel deprived him of the opportunity to "[review] the evidence against him and weigh his options accordingly." [Doc. 32 at 9.] Movant also contends that his counsel "failed to properly inform [him] of his Guideline range" and the Court's latitude in imposing the sentence. [*Id.* at 9-10.] Movant notes that he was hindered by his inability to understand English. [*Id.* at 10.]

Referring to the transcript of the plea colloquy, Respondent explains that Movant was furnished with an interpreter; stated that he understood the Court's questions and his obligation to answer truthfully; and agreed to tell the Court when he did not understand the questions. [Doc. 34 at 19-20.] Movant stated that he was satisfied with his counsel; had discussed the plea with him; and was guilty of the crimes charged. [*Id.* at 20-21.] Movant further stated that he was aware of the mandatory minimum and

12

maximum sentences; had discussed the Guidelines with counsel; understood that the sentence could be more severe than he expected; and had not been promised a particular sentence. [*Id.* at 20-22.]

Because the Court must presume that Movant's statements under oath during the plea colloquy were true, he bears "a heavy burden" to show that those statements were actually false. *United States v. Garcia*, 322 Fed. Appx. 918, 919 (11th Cir. Apr. 13, 2009) (per curiam). Movant has not produced any evidence to meet his heavy burden. The record indicates that Movant communicated via an interpreter and stated that he was satisfied with his counsel and understood the Court's questions and sentencing options. Therefore, Movant's claim of ineffective assistance of counsel fails. *See Patel v. United States*, 252 Fed. Appx. 970, 975 (11th Cir. Nov. 1, 2007) (per curiam) (movant's § 2255 allegations in direct conflict with statements during plea colloquy and unsupported by evidence did not establish involuntariness of plea).

### 2. **Deportation**

Movant argues that his counsel failed to inform him that his guilty plea would lead to his deportation. "[T]he Sixth Amendment requires an attorney for a criminal defendant to provide advice about the risk of deportation arising from a guilty plea." *Chaidez v. United States*, 133 S. Ct. 1103, 1105 (2013) (citing *Padilla v. Kentucky*,

13

559 U.S. 356 (2010)). Failure to provide such advice constitutes deficient performance. However, that requirement is not retroactive; "defendants whose convictions became final prior to *Padilla* . . . cannot benefit from its holding." *Id.* at 1113.

In the present case, Respondent points out that Movant pleaded guilty on November 20, 2009, but *Padilla* was decided on March 31, 2010. [Doc. 34 at 26-28.] Prior to *Padilla*, it was not deficient for counsel to fail to provide advice regarding collateral consequences of a guilty plea, such as deportation. *See id.* at 1109. Therefore, Movant fails to establish that his counsel was deficient. *See Chapa v. United States*, 514 Fed. Appx. 837, 838-39 (11th Cir. Mar. 25, 2013) (per curiam).

## IV.     Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion]

14

should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

"When the district court denies a [motion to vacate, set aside, or correct a sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented herein is not debatable. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2255 Cases in the United States District Courts.

AO 72A
(Rev.8/8
2)

## V. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that: (1) the motion to vacate, set aside, or correct sentence, [Doc. 32], be **DENIED**; (2) a COA be **DENIED**; and (3) civil action number 1:12-cv-1937-TWT-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this  26th   day of August, 2013.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)